ON RETURN TO REMAND
On original submission, this Court remanded this case to the trial court with instructions that that court conduct an evidentiary *Page 152 
hearing and apply the principles stated in J.E.B. v. Alabama, ___ U.S. ___, ___, 114 S.Ct. 1419, 1430, 128 L.Ed.2d 89 (1994), in which the Supreme Court of the United States held that "the Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man." 659 So.2d 135.
On remand, the trial court, after conducting an evidentiary hearing, set aside the conviction and granted the appellant, Phillip Allen, a new trial, concluding that the State had improperly discriminated against males in the use of its peremptory jury strikes. After finding that the State used 11 of its 15 peremptory strikes to remove males from the jury venire, resulting in a jury of 9 males and 3 females, the trial court concluded that the appellant had established a prima facie case of gender discrimination.
The trial court concluded that the prosecutor did provide gender-neutral reasons for striking 8 of those 11 veniremembers. As to the remaining three, the trial court stated in its order:
 "As to the remaining three male jurors struck the State provided the following reasons:
 "# 20 — Mr. C_____ — He was a truck driver and as such would have special knowledge of tractor gear shifts. He was from Barnwell.
 "# 08 — Mr. Be_____ — He was a mechanic and as such would be an expert or 'heavy hitter' on knowledge of gear shifts.
 "# 14 — Mr. B_____ — Works for a construction company so was probably familiar with heavy equipment operations and thus by analogy would know more about tractor shifting tha[n] the average person.
 "The Court found that as to the three remaining jurors either the Defendant offered argument that the reasons given [by the prosecutor for striking those veniremembers] were a 'sham or pretext' or the Court took note on its own initiative that the reasons given were inadequate to rebut the presumption of gender based discrimination:
 "All of the [three] jurors were struck because, based upon their occupations they might have special knowledge of gear shifts which might indicate a knowledge of gear shifting in tractors. Mr. C_____ was a truck driver, Mr. Be_____ a mechanic, and Mr. Bo_____ was a construction company employee. All of this reasoning is purely speculative and remote. Even if it is reasonable to think that 'tractor gear shift' knowledge would affect the deliberations, it is not reasonable to conclude that generalized gear shift knowledge would. . . . [I]t is not reasonable to conclude that a mechanic or a construction worker would have particularized skills and knowledge concerning tractor shifting. It is evident that the three occupations listed are all male-dominated professions and in making a decision to strike these occupations, the State also made a decision to strike males. These 'occupation' strikes resulted in defacto discriminatory impact which were admitted to be purposeful on the part of the State. Based on all of the above the Defendant was granted a new trial." Remand C.R. 12-13.
The judgment of the circuit court granting the appellant a new trial is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.